UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-81104-CIV-Rosenberg/Reinhart

GONZALO GUILLERMO MENDEZ,

Plaintiff,

vs.

MODEL ROW INC. and ROBERT BORN,

Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (DE 28)

Currently before the Court is Plaintiff's Motion for Attorney's Fees and Costs.  DE 28.

This motion was referred to the undersigned by the presiding District Judge.  DE 32.  The

undersigned has reviewed the motion (DE 28), Defendants' response in opposition (DE 29), and

Plaintiff's reply (DE 31).  For the reasons stated below, this Court **RECOMMENDS** that

Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART.**

## DISCUSSION

Plaintiff brought this lawsuit alleging Defendants violated the overtime pay provision of

the Fair Labor Standards Act (FLSA).  Counsel negotiated a settlement agreement which the

District Court approved on April 17, 2018.  Pursuant to the terms of the settlement, Defendants

agreed to pay Plaintiff $14,679.88, representing overtime wages and liquidated damages, "plus

attorneys' fees and costs to be determined by the court."  DE 27.  At the time the settlement was

placed on the record, the parties also stipulated that Defendants would pay Plaintiff $1,610.00 in

attorneys' fees and $532.00 in costs, which Plaintiff had incurred from the commencement of the

lawsuit through the filing of Plaintiff's Statement of Claim (DE 10) on January 14, 2018.  The agreement provided that Plaintiff would file a motion to recover the remainder of his attorney's fees and costs.  With the instant motion, Plaintiff seeks additional attorneys' fees in the amount of $5,635.00 and $375.00 in costs.  Defendants object to these amounts as excessive.

### 1. Calculation of Attorneys' Fees: the Lodestar Method

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[1]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836

---

[1]  In computing the lodestar amount, courts should consider: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent. *Wachovia Bank v. Tien,* No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) (listing nearly identical factors to consider in determining a reasonable attorney's fee)).

F.2d 1292, 1299 (11ᵗʰ Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "*all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original).  In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.").  *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.  That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

## A.   Hourly Rate

According to the motion, Plaintiff's attorney, Elliot Kozolchyk, charges an hourly rate of $350.00.   Mr. Kozolchyk has been practicing employment law since 2009 and is the sole shareholder of Koz Law, P.A.   He cites several other recent cases in this district where he was awarded his hourly rate of $350.00.   DE 28 at n. 1; DE 30 at 1-2.   Defendants counter that "courts in this District have found that a reasonable hourly rate in FLSA cases . . . is $300.00" (DE 29 at 2), but Defendants fail to cite any legal authority to support this argument.   Moreover, Local Rule 7.3 states that "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates . . ." S.D. Fla. L. R. 7.3(a).   Defense counsel has failed to provide evidence regarding their hourly rates.   For these reasons, and based on the Court's familiarity with the rates customarily charged by local FLSA attorneys and approved by courts in this district, the Court finds that Mr. Kozolchyk's hourly rate of $350.00 is reasonable.   *See Cardoza v. Mario's Cleaning Servs., Corp*., No. 15-CV-61059, 2018 WL 1353141, at *3 (S.D. Fla. Mar. 14, 2018) (J. Matthewman) (awarding hourly rate of $350 to experienced FLSA attorney).

### B. Hours Expended

The Court has reviewed the billing records submitted by Mr. Kozolchyk which indicate that he spent 16.1 hours on this case since January 14, 2018.  During that time, Mr. Kozolchyk attended an unsuccessful mediation, conducted ongoing settlement negotiations with defense counsel, spent 2.5 hours at hearing before the District Court regarding the settlement, and prepared the instant motion for fees.  DE 28-1.  Given the substantive nature of these activities and the specificity in the billing records provided by Mr. Kozolchyk, the Court finds that the time he spent on this lawsuit is reasonable.  *See Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV, 2011 WL 13220344, at *2 (S.D. Fla. June 22, 2011) (J. Goodman) (noting that Eleventh Circuit has "allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees") (citing *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010)).

Moreover, in concluding that the attorney's fees sought are reasonable, the Court has considered the pertinent *Johnson* factors.  This case constituted a routine FLSA case that was neither complicated nor complex, and for which Mr. Kozolchyk had the requisite level of experience and skill.  As noted above, Mr. Kozolchyk's hourly rate is consistent with that charged by other FLSA attorneys in this area, and he obtained an excellent result for his client in that he secured payment of the full wages and liquidated damages identified in his Statement of Claim.  DE 10-1.  *See Smith v. Constr. Servs. & Consultants, Inc.*, No. 05-14387-CIV, 2007 WL 9702512, at *3 (S.D. Fla. Aug. 10, 2007) (J. Graham) (assessing the *Johnson* factors and finding FLSA litigation to be "generally uncomplicated and straightforward," and that plaintiff's attorney was "undeniably familiar with FLSA litigation," but lowing the hourly rate sought based on the court's familiarity with rates typically charged at that time).

### 2.  Plaintiff's Motion for Costs

Plaintiff also seeks to recover $375.00, representing his half of the mediation costs incurred in this case.  Plaintiff acknowledges that such costs are not taxable under 28 U.S.C. § 1920, but argues that the Court has the authority to award this cost because "[t]he parties never agreed that recoverable costs would be limited to those specified in 28 U.S.C. § 1920."  DE 28 at 2.

"Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S. § 1920."  *Taylor v. Advanced Quality Transp. Serv., Inc*., 2010 WL 1838304, at *4 (M.D. Fla. Apr. 13, 2010) (having approved the parties' FLSA settlement, court rejected award of non-taxable costs such as travel expenses, postage and phone calls) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2001)).  *See also Isaac v. Landmark Title Servs., Inc*., No. 05-61229-CIV, 2006 WL 8432159, at *6 (S.D. Fla. May 19, 2006) (J. Zloch) ("nothing suggests that Congress intended [the FLSA] to be read as providing for an award of costs beyond those enumerated in 28 U.S.C. § 1920") (citing *Glenn v. General Motors Corp*., 841 F.2d 1567, 1575-76 (11th Cir. 1988)).

It is well settled that parties may specifically contract for an award of non-taxable costs in their settlement agreements, as long as the contractual authorization is "explicit." *Crawford Fitting Co. v. J.T. Gibbons Inc*., 482 U.S. 437, 441 (1987), cited by *Columbia Data Prod., Inc. v. Symantec Corp.,* 2008 WL 4365925, at *3 (M.D. Fla. Sept. 23, 2008) (where the settlement agreement "expressly included litigation expenses, including both taxable and nontaxable costs" the court found that the parties' intent was "clearly set[] forth" and allowed recovery of nontaxable costs).

Here, however, there is no explicit authorization for the recovery of nontaxable costs and the Court declines to read such a provision into the parties' settlement agreement. First, the written agreement signed by the parties consists of a short list of terms, only a half-page in length -- notably sparse compared with the FLSA settlement agreements usually submitted to this Court for approval. It lacks the detail typically included in such agreements and suggests a certain rushed, informality given the inclusion of handwritten terms that are not initialed by the parties or their counsel. In any event, the agreement simply states that Defendants agree to pay "costs to be determined by the court." DE 27 at 2. There is no mention that the parties intended to expand the definition of "costs" beyond those taxable under 28 U.S.C. § 1920, which is standard in FLSA cases. Therefore, the Court recommends that the mediation cost sought by Plaintiff be denied. "[W]here a contract is silent as to a particular matter, courts should not, under the guise of construction, impose on parties contractual rights and duties which they themselves omitted." *BMW of N. Am., Inc. v. Krathen*, 471 So. 2d 585, 587 (Fla. Dist. Ct. App. 1985). *See also Whitwam v. JetCard Plus, Inc.*, No. 14-CIV-22320, 2014 WL 12634853, at *5 (S.D. Fla. Oct. 30, 2014) (J. Bloom) (court declined to insert the word "industry" into contract language that only referenced "standard pricing").

## **RECOMMENDATION**

Based on the foregoing, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Attorney's Fees and Costs (DE 28), awarding Plaintiff recovery of $5,635.00.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 10th day of August, 2018 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge